IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL J. FERRIN**
6883 Bennell Drive
Reynoldsburg OH 43068

    and

**MARCIA FERRIN**
6883 Bennell Drive
Reynoldsburg OH 43068

    Plaintiffs,

    vs.

**UNITED STATES OF AMERICA**
c/o United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

    Defendant.

Case No.

Judge:

**AFFIDAVIT OF MERIT, ATTACHED**

## COMPLAINT

Now come Plaintiffs Daniel J. Ferrin and Marcia Ferrin, and for their causes of action state as follows:

### PRELIMINARY STATEMENT

1. This action is being brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680 for medical negligence arising from the care and treatment of Plaintiff Daniel Ferrin at the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center by Natarajan Sundaram, M.D. (hereinafter referred to as "Dr. Sundaram")  and the

subsequent loss of Daniel J. Ferrin's society, companionship, services, attention, consortium, and care experienced by Plaintiff Marcia Ferrin.

## JURISDICTION

2.  By enactment of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671, et seq., Congress waived the United States' immunity from suit for certain tort actions and vested federal district courts with exclusive jurisdiction over civil actions or claims against the United States for negligent and wrongful acts or omissions of federal employees and officers acting within the scope of their employment and office..

3.  Pursuant to 28 U.S.C. §2675(a), Plaintiffs have exhausted administrative remedies prior to bringing the instant action.  On July 12, 2019, Plaintiffs' administrative tort claim was received by the Office of General Counsel for the United States Department of Veterans Affairs. More than six (6) months have elapsed since the administrative tort claim was filed and Plaintiffs have not received notice regarding the disposition of the administrative tort claim such that the claim is deemed to have been denied.

4.  Further, pursuant to 28 U.S.C. § 1332(b), Plaintiffs have suffered damages in excess of $75,000, and jurisdiction is therefore proper in this Court.

## VENUE

5.  Venue is proper in the Eastern Division of the Court pursuant to 28 U.S.C. §1402(b) since Plaintiffs reside in Franklin County, Ohio.

## SERVICE OF PROCESS

6.  Service of process is permitted upon Defendant by virtue of Rule 4(i)(1) of the Federal Rules of Civil Procedure.

**PARTIES**

7. At all times relevant herein, Plaintiffs Daniel J. Ferrin and Marcia Ferrin were residents of Reynoldsburg in Franklin County, Ohio.

8. At all times relevant herein, the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center was a federally supported health center operated by the United States Department of Veterans Affairs with its principal place of business in Columbus, Franklin County, Ohio that employed physicians, physician assistants, nurses, technicians, and other personnel, including but not limited to Natarajan Sundaram, M.D. (hereinafter referred to as "Dr. Sundaram") to evaluate, care for, and treat patients.

9. At all times relevant herein, Dr. Sundaram was acting within the scope and course of his employment as an employee of Chalmers P. Wylie Veterans Affairs Ambulatory Care Center.

**COMMON ALLEGATIONS**

10. Plaintiff Daniel J. Ferrin was a patient at the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center in Columbus, Ohio, and on September 30, 2015, he presented to its Urgent Care Clinic for complaints of abdominal pain. Since he has a history of kidney stones, an abdominal CT scan was ordered and performed. The abdominal CT scan did show kidney stones, which were treated. Incidentally, the evaluation also showed a pericardial cyst and pulmonary nodules. Dr. Michael Corriveau, a pulmonologist, recommended a chest CT scan to further evaluate the pulmonary nodules.

11. To follow up on the September 30, 2015 CT scan, Dr. Sundaram ordered a CT scan with contrast. On October 29, 2015, a chest CT scan was performed and read by Dr. Antony Lee Roberts, a radiologist employed by Mid-Ohio Radiology, Inc. In the body of his

3

report, Dr. Roberts noted "irregular appearance of thyroid with well-defined soft tissue density in the isthmus questionable peripheral calcified incompletely imaged density in the adjacent left thyroid." Dr. Roberts did not note it in the impressions, nor did he recommend any further follow up, such as a thyroid ultrasound.

12. Plaintiff Daniel J. Ferrin continued to treat at the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center in Columbus, Ohio, including with his primary care doctor, Dr. Sundaram, who had both the September and October, 2015 CT scans. Plaintiff Daniel Ferrin was a long-time patient of Dr. Sundaram.

13. On September 29, 2016, another chest CT scan was ordered to follow up on the pericardial cyst and pulmonary nodules. This CT scan was read and interpreted by Dr. Donald C. Simon at Mid-Ohio Radiology. Dr. Simon compared the chest CT scan to the chest CT scan from October 29, 2015. Dr. Simon did not make any mention of a thyroid abnormality in his report.

14. On October 18, 2017, another chest CT scan was performed. The CT scan report again noted the thyroid abnormality. A referral was made to endocrinology, and Plaintiff Daniel J. Ferrin saw Dr. Shribhangi Shidham on February 26, 2018. Dr. Shidham noted that a dedicated thyroid ultrasound had not yet been completed.

15. Dr. Shidham ordered an ultrasound for March 26, 2018, but the ultrasound had to be rescheduled for April 27, 2018. Plaintiff Daniel J. Ferrin was then seen by Dr. Delossantos, an endocrinologist, who diagnosed multinodular non-toxic goiter. Dr. Delossantos recommended a thyroid biopsy to confirm the ultrasound diagnosis.

16. On June 20, 2018, a thyroid biopsy was attempted, but was aborted when

4

Plaintiff Daniel J. Ferrin was unable to lay flat. On July 23, 2018, the thyroid biopsy was ultimately completed and, shortly thereafter, Plaintiff Daniel J. Ferrin was diagnosed with papillary thyroid carcinoma.

17. On November 30, 2018, after completing medical treatment, Dr. John Phay performed a total thyroidectomy at OSU Wexner Medical Center on Plaintiff Daniel J. Ferrin.

18. After his surgery, Plaintiff Daniel J. Ferrin began to gather his past medical records from the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center, including the reports of his past CT scans. In early 2019, Plaintiff Daniel J. Ferrin learned that the report of his chest CT scan from October 29, 2015, read by Dr. Roberts, contained reference to a mass in his thyroid. Plaintiff Daniel J. Ferrin was never told anything about this thyroid mass and knew nothing about it until he got copies of his own records.

19. Plaintiff Daniel J. Ferrin subsequently ordered copies of his actual scans. He subsequently learned that the chest CT scan from September 29, 2016, read by Dr. Simon, also showed a thyroid mass. Dr. Simon never reported this thyroid mass in his report.

20. Dr. Sundaram, Plaintiff Daniel J. Ferrin's primary care provider, likewise never disclosed to him that there was a thyroid mass present in October of 2015, thereby causing a delay in diagnosing thyroid cancer.

21. Plaintiff Daniel J. Ferrin continues to treat for his thyroid cancer, which as of August of 2019, had metastasized to his lungs.

**PLAINTIFFS FIRST CAUSE OF ACTION**
**[Medical Negligence]**

22. Plaintiffs incorporate by reference any and all statements and allegations

5

contained in Paragraphs 1 through 21, as if fully rewritten in this First Cause of Action.

23. The physicians, nurses, and employees of the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center including, but not limited to, Dr. Sundaram fell below the accepted standard of care, skill and diligence for health care providers, and for medical provider employees in Ohio or other similar communities in their care and treatment of Daniel J. Ferrin. Specifically, Defendant, by and through the physicians, nurses, and employees of the Chalmers P. Wylie Ambulatory Care Center including, but not limited to, Dr. Sundaram and others failed to meet the accepted standards of care, skill, and diligence, and were negligent by: (1) failing to timely evaluate Plaintiff Daniel J. Ferrin's thyroid mass; (2) failing to properly evaluate Plaintiff Daniel J. Ferrin's thyroid mass; (3) failing to order appropriate follow-up testing on the thyroid mass; (4) failing to properly evaluate, read the CT reports, and follow-up on the thyroid mass; (5) failing to inform Plaintiff Daniel J. Ferrin about his thyroid mass and failure to recommend follow-up treatment. Defendant was negligent in other respects as well.

24. The care and treatment rendered to Plaintiff Daniel J. Ferrin by the Defendant, through the physicians, nurses, and employees of the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center including, but not limited to, Dr. Sundaram was negligent and fell below the accepted standards of care, skill and diligence for physicians, residents, nurses, aides, technicians, administrators and other health care personnel, thus causing Defendant to breach the duty of care owed to said Plaintiff.

25. As a direct and proximate result of the aforementioned negligence and failures of Defendant, individually, and by and through employees and/or agents of the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center including, but not limited to, Dr. Sundaram, Daniel J. Ferrin failed to receive timely diagnosis and treatment of his thyroid cancer, which has now

metastasized. Defendant's negligence proximately caused Plaintiff Daniel J. Ferrin to suffer increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, loss of income and loss of earning capacity, as well as the loss of the enjoyment of life, a reduced life expectancy, and the ability to perform usual and customary activities.

## PLAINTIFFS' SECOND CAUSE OF ACTION
### [Loss of Consortium]

26. Plaintiffs incorporate all allegations contained in paragraphs 1 through 25 as if fully rewritten in this Second Cause of Action.

27. At all times relevant herein, Plaintiff Marcia Ferrin was the wife of Daniel J. Ferrin.

28. By virtue of the conduct of Defendant through the physicians, nurses, and employees of the Chalmers P. Wylie Veterans Affairs Ambulatory Care Center including, but not limited to, Dr. Sundaram that caused the resulting injuries to her husband, Plaintiff Marcia Ferrin sustained a loss of society, companionship, services, attention, consortium, and care.

29. Plaintiff Marcia Ferrin also sustained mental anguish and extreme emotional distress in connection with the treatment and care of her husband.

## DEMAND

**WHEREFORE,** Plaintiffs demand judgement against Defendant in favor of Plaintiff for compensatory damages in an amount greater than seventy-five thousand ($75,000) together with costs herein expended and such other relief as deemed appropriate.

Respectfully submitted,

*/s/ David I. Shroyer*
David I. Shroyer (0024099)
Mollie K. Slater (0087765)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street, 2nd Floor
Columbus, Ohio 43215
T: (614) 228-6453
F: (614) 228-7122
dshroyer@csajustice.com
mslater@csajustice.com
*Counsel for Plaintiffs*

## **AFFIDAVIT OF MERIT**

COUNTY OF Chesterfield )
) SS
STATE OF VIRGINIA )

The Affiant, Jerome Daniel, M.D., being above the age of 18 and of sound mind, after being duly sworn and cautioned, states that he/she has personal knowledge of the following:

1. I am a physician, licensed to practice medicine in the State of Virginia, with a specialty in family medicine. I spend in excess of 50% of my professional time in the active clinical practice of medicine and/or its instruction.

2. I have reviewed all the medical records reasonably available to me concerning the allegations contained in the Complaint.

3. I am familiar with the applicable standard of care.

4. It is my opinion that the standard of care was breached by *Natarajan Sundaram, M.D.*, as well as other employees and/or agents of *the U.S. Department of Veterans Affairs – Chalmers P. Wylie VA Ambulatory Care Center, VA Central Ohio Healthcare System, Veterans Health Administration,* or other related corporations, or other physicians, residents, nursing personnel, respiratory therapists, aides or technicians, and that the breach caused injury and damages to Daniel J. Ferrin.

5. Affiant reserves the right to review any and all additional documentation that may become available in the future and to amend the opinions made herein.

Further affiant sayeth naught.

_____
Jerome Daniel, M.D.

Sworn to before me and subscribed in my presence this 7 day of February 2020.

HOLLI TRAIL
NOTARY PUBLIC
REGISTRATION # 7807308
COMMONWEALTH OF VIRGINIA
COMMISSION EXPIRES: 8/31/22

NOTARY PUBLIC